UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIEL JACKSON,

                                                                  Plaintiff,

                                              v.                                  9:01-CV-0379 (GLS)(DEP)

LEONARD PORTUONDO, Superintendent,
Shawangunk Correctional Facility, *et al.*,

                                                  Defendants.
_____

APPEARANCES:                            OF COUNSEL:

NATHANIEL JACKSON
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL   JEANETTE RODRIGUEZ-MORICK, ESQ.
State of New York                             Assistant Attorney General
Counsel for the Defendants

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

By prior Order of this Court, plaintiff Nathaniel Jackson's third motion for appointment of counsel was denied, and plaintiff was advised that "**the Court will neither consider nor review any future motions for appointment of counsel submitted by plaintiff until such time as a trial date has been scheduled for this action.**" Dkt. No. 75. Thereafter, plaintiff submitted his fourth motion for appointment of counsel. Because the case had not been scheduled for trial, plaintiff's motion was rejected for filing. Dkt. No. 84 (the "Rejection Order").

Presently before the Court is a motion from plaintiff seeking reconsideration of the Rejection Order. Dkt. No. 86. According to plaintiff, he was not able to properly respond to defendants' motion for summary judgment without the assistance of counsel.

*Id*.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

Upon review of the file, including plaintiff's motion for reconsideration, the Court finds that the request for counsel was properly rejected for filing in accordance with the Court's prior Order. The Court also finds that reconsideration is not necessary to prevent manifest injustice.[1] The fact that plaintiff may be somewhat limited and/or restricted in his ability to litigate does not itself entitle plaintiff to the appointment of counsel.[2] Rather, "[t]he merits of the indigent's claim is the primary factor in determining whether to appoint counsel." *De Los Rios v. United States*, 1994 WL 502635, *6 (S.D.N.Y. Sept. 14, 1994). That issue was addressed by the Court in its prior Orders denying counsel and it was determined that appointment of counsel prior to trial was not warranted.

In light of the foregoing, plaintiff's motion for reconsideration is denied.

WHEREFORE, it is hereby

---

[1] Plaintiff does not claim that there has been a change in the controlling law or that new evidence not previously available has come to light.

[2] The Court also notes that plaintiff submitted a extensive memorandum of law in opposition to defendants' summary judgment motion. Dkt. No. 90.

ORDERED, that plaintiff's motion for reconsideration (Dkt. No. 86) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: September 13, 2006
       Syracuse, New York