**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**NATHANIEL JACKSON,**

                 **Plaintiff,**

   v.                                                                             Civil No. 9:01-CV-00379
                                                         (GLS/DEP)

**LEONARD PORTUONDO,
PAUL ANNETTS, JIMMIE HARRIS,
KENNETH DECKER, ROBERT
CUNNINGHAM, JAY SQUILLACE,
A. GOODMAN, DOREN PARISI,
EVAN GORELICK, A.C. WRIGHT,
and D. WILKINS,**

                 **Defendants.**

---

**APPEARANCES:**                                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Nathaniel Jackson
Plaintiff, *Pro se*
86-A-4227
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

**FOR THE DEFENDANTS:**

HON. ANDREW CUOMO                         MEGAN M. BROWN
New York Attorney General                      Assistant Attorney General
The Capitol

Albany, New York 12224
**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

On March 16, 2001, *pro se* plaintiff Nathaniel Jackson commenced this action pursuant to 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights. *See Dkt. No. 1*. Defendants' motion for summary judgment was referred to Magistrate Judge David E. Peebles for report and recommendation. *See Dkt. No. 81*; 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G). After a lengthy motion practice,[1] Magistrate Judge Peebles issued a report recommending the dismissal of all claims except the due process claim against defendant Squillace. *See Report-Recommendation ("R&R"), Dkt. No. 93.*

Broadly construing Jackson's amended complaint, Judge Peebles concluded that: (1) Jackson's rights were not violated when he was denied leave to attend his brother's funeral; (2) the prison was justified in monitoring Jackson's mail; (3) Jackson's due process rights were not

---

[1] Defendants moved to dismiss Jackson's amended complaint on November 25, 2002. *See Dkt. No. 43.* Because the court's resolution of defendants' motion did not dispose of the entire lawsuit, defendants filed the instant motion for summary judgment on March 15, 2005. *See Dkt. No. 81.*

2

violated during the disciplinary hearings; and (4) pursuant to the doctrine of *res judicata*, the settlement agreement previously negotiated by the parties effectively precludes Jackson's First Amendment claim.

Both Jackson and the defendants have filed timely objections. *See Dkt. Nos. 94, 95.* Jackson raises both specific and unspecific objections,[2] and defendants raise one specific objection. Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).

Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

---

[2] Jackson proffers two meritless procedural objections. Nevertheless, the court will briefly discuss each one herein. First, Jackson claims that the court has not resolved certain pending motions. Specifically, Jackson argues that his April 21, 2005 motion requesting appointment of counsel and an extension of time to respond to defendants' motion was never addressed. *See Dkt. No. 84.* To the contrary, the docket indicates that the court extended Jackson's response deadline until May 31, 2005. *See Dkt. No. 84.* The record also reflects that Jackson filed a response to defendants' motion on June 24, 2005. *See Dkt. Nos. 88, 90.* Therefore, Jackson's objection is now moot. Moreover, Jackson has also been informed that counsel would be assigned to him when a trial date was set. *See id.* After his fourth request for counsel, the court denied Jackson's motion for reconsideration and explained precisely why his case did not warrant appointment of counsel at that time. *See Dkt. No. 96.* Accordingly, Jackson's first procedural objection is without merit.

Secondly, Jackson claims that defendants' supporting affidavits attached to their motion are not signed and are therefore invalid. To the contrary, an inspection of defendants' affidavits reveals that they are validly electronically signed. Accordingly, this objection is also without merit.

3

## II. Discussion

**1. Specific Objections**

### a. Jackson's Specific Objection

Jackson raises one specific objection. Prior to this lawsuit, Jackson entered into a settlement agreement with DOCS, settling all claims against DOCS arising out of their alleged violation of Jackson's right to practice his religion. *See Jackson v. Mann*, 95-CV-1838 (N.D.N.Y. Dec. 22, 1995); *Dkt. No. 133*. Now, relying on the doctrine of continuous violation, Jackson argues that the settlement agreement does not preclude his religious discrimination claim. Specifically, Jackson maintains that because defendants discriminated against him on the basis of his Jewish faith in a continuous and ongoing nature, his First Amendment claim should survive.

As an initial matter, while Jackson objects to Judge Peebles' finding, he fails to offer any legal basis in support of his objection. Nonetheless, the court has reviewed Judge Peebles' finding *de novo.*

Judge Peebles concluded that the alleged misconduct supporting Jackson's First Amendment claim was previously resolved by the parties' January 2001 settlement agreement. As such, Judge Peebles found that Jackson's First Amendment claim was barred by the doctrine of *res*

*judicata.* Following a review of the record, the court agrees with Judge Peebles' analysis. Jackson's allegations of discrimination arise out of the set of facts previously settled. Moreover, Jackson cannot now claim a new violation of his rights based on the continuous violation doctrine. This is a new argument that was neither raised in his amended complaint nor addressed by the Magistrate Judge. Having reviewed Judge Peebles' report *de novo*, the court concludes that Jackson's religious discrimination claim is barred by the doctrine of *res judicata*. Accordingly, Jackson's First Amendment claim is dismissed.

### b. Defendants' Specific Objection

Defendants also raise one specific objection. They claim that Judge Peebles improperly failed to recommend that Jackson's due process claim against defendant Squillace be dismissed. The court will review this objection *de novo.*

In order to address defendants' objection, the court must briefly state the complex procedural posture of this case. Early in the course of litigation, defendants filed a motion to dismiss, which was assigned to Judge Peebles for report and recommendation. *See Dkt. No. 43.* Judge Peebles' report recommended the dismissal of Jackson's fourth cause of

action, which specifically named defendant Squillace. *See Dkt. No. 53.* He also recommended that Jackson's fifth cause of action survive. *See id.* However, Jackson's fifth cause of action did not specifically name defendant Squillace. Judge Kahn subsequently adopted Judge Peebles' Report-Recommendation in its entirety. *See Dkt. No. 65.* Moreover, the "Wherefore Clause" of Judge Kahn's order specifically named Squillace as a surviving defendant in the fifth cause of action. *See id.* Since their motion to dismiss did not result in a dismissal of the entire lawsuit, defendants filed the instant motion for summary judgment against the remainder of Jackson's claims, including his fifth cause of action. *See Dkt. No. 81.* In drafting their motion papers, defendants assumed that all of the claims against defendant Squillace had been dismissed since he was not originally named in the fifth cause of action. *See Dkt. Nos. 53, 65.* Therefore, defendants did not address Jackson's fifth cause of action as against Squillace.

Considering the facts in the light most favorable to Jackson, the court concludes that the fifth cause of action can be interpreted to include a claim against defendant Squillace. While he is not specifically named in the amended complaint, Judge Kahn's order adopting Judge Peebles' report

6

does name Squillace as part of the surviving fifth cause of action. The state's objection on this ground is well-taken given the confusion in the record. However, at this juncture, leinency to *pro se* litigants requires a broad construction of the claims in Jackson's favor. Therefore, having reviewed Judge Peebles' report *de novo*, the court agrees with Judge Peebles' conclusion and adopts his report. However, and in fairness to the defendants given the confusion in the prior orders, they may renew their motion for summary judgment as to defendant Squillace after they have had an opportunity to depose Jackson on this issue.

### 2. **Unspecific Objections**

The remainder of Jackson's objections fail to specifically address Judge Peebles' factual and legal conclusions. Instead, Jackson has simply repeated the facts and arguments he initially raised before Magistrate Judge Peebles.[3] His objections contain no new analysis or arguments, nor

---

[3] Jackson's unspecific objections amount to the following. First, Jackson objects to Judge Peebles' conclusion that he did not have a constitutional right to attend his brother's funeral. Jackson claims that he should have been informed sooner of the denial of his request for leave and given an opportunity to appeal the decision. Simply put, a prisoner does not have a protected constitutional right to attend a family member's funeral. Therefore, the court need not consider whether Jackson was entitled to due process after he was denied leave to attend his brother's funeral.

Next, Jackson objects to Judge Peebles' finding that defendants did not violate his rights when they monitored his outgoing mail. As Judge Peebles noted, defendants' actions were justifiable since they had reason to believe that Jackson planned to harm other inmates and had attempted to smuggle contraband into the facility.

7

do they cite authority in support of what are otherwise mere conclusory claims. Given the inadequacy of these objections, he has procedurally defaulted. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Accordingly, the court has reviewed the remainder of Judge Peebles' report and recommendation for clear error. *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the remainder of the report and recommendation in its entirety.

## III.  Conclusion

The court has reviewed the objected-to portions of the report *de novo* and the remainder under a clearly erroneous standard. The court accepts and adopts all aspects of Judge Peebles' recommendation. Accordingly, defendants' motion is granted, with the exception of the fifth cause of action as to defendant Squillace. Defendants may renew their motion on this issue following further discovery.

---

Finally, Jackson objects to Judge Peebles' conclusion that the defendants did not violate his due process rights during the July and August 2000 disciplinary hearings. Specifically, Jackson claims that he was prevented from calling witnesses and that insufficient evidence existed to find him guilty. As Judge Peebles noted, Jackson was afforded the opportunity to call witnesses. Moreover, sufficient evidence existed that Jackson was guilty of the charges against him. Overall, Jackson has failed to establish that his due process rights were violated.

8

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Peebles' March 7, 2006 Report-Recommendation (**Dkt. No. 93**) is accepted and adopted; and it is further

**ORDERED** that defendants' motion for summary judgment (**Dkt. No. 81**) is **GRANTED** in part and **DENIED** as to the remaining claim against defendant Squillace; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

February 16, 2007
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

9